IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTINE DIANE HENDERSON,

      Plaintiff,

   v.

CAROLYN L. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

Case No. 6:14-cv-1053-PA

**ORDER**

**PANNER, District Judge:**

    Pro se Plaintiff Christine Dianne Henderson brings this action for judicial review of the Commissioner's final decision to deny benefits under the Social Security Act. Plaintiff also brings claims for disability discrimination, defamation, and denial of housing. The Commissioner moves to dismiss Plaintiff's

1 - ORDER

non-Social Security claims for lack of subject matter jurisdiction.

I grant the Commissioner's motion to partially dismiss. Plaintiff's challenge to the Commissioner's denial of benefits will be addressed in a separate order.

## LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The court may consider evidence outside the pleadings to resolve factual disputes. Id. The party asserting jurisdiction has the burden of proving subject matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The court should construe the pleadings of a pro se litigant more leniently than those of a lawyer. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). A pro se plaintiff should be given leave to amend the complaint unless an amendment could not cure the complaint's deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## DISCUSSION

I. **Plaintiff's Non-Social Security Claims**

Aside from seeking judicial review of the Commissioner's decision to deny benefits, Plaintiff also brings claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act

2 - ORDER

of 1973, and other civil rights statutes. See Pl.'s Mem. at 1, ECF No. 24 at 2. Plaintiff alleges that her rights under these statutes were violated by the Commissioner's denial of Social Security benefits.

Plaintiff brings tort claims, alleging that the Administrative Law Judge (ALJ) who evaluated her claim for benefits defamed her and her treating physicians by finding that her testimony and reports were not credible. Plaintiff also brings claims asserting that because she was denied Social Security benefits, she was not eligible for subsidized housing.

## II. This Court Lacks Subject Matter Jurisdiction

Sovereign immunity protects the United States and its agencies from suit unless there is a waiver. The United States has waived sovereign immunity as to the Commissioner's final decisions denying Social Security benefits, allowing private parties to bring actions for judicial review under 42 U.S.C. § 405(g) and 405(h) of the Social Security Act. See Matthews v. Eldridge, 424 U.S. 319, 327 (1976).

Congress gives federal courts jurisdiction over actions seeking judicial review of decisions denying Social Security benefits:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

3 - ORDER

42 U.S.C. § 405(g). Congress strictly limits this court's jurisdiction over such actions:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

Under these provisions, this court lacks subject matter jurisdiction over Plaintiff's claims for defamation, disability discrimination, and denial of subsidized housing. These claims "arise under" the Social Security Act, for purposes of § 405(h), because the Social Security Act "provides both the standing and the substantive basis for the presentation of" the claim. Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975). The Supreme Court has explained that § 405(h) "channels" "virtually all legal attacks through the agency [and] assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case." Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 12-13 (2000) (citation omitted). Even though "the agency might not provide a hearing for [any] particular contention, or may lack the power to provide one . . . [that] is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency." Id. at 23 (emphasis and citations omitted).

4 - ORDER

Here, subject matter jurisdiction over Plaintiff's disability discrimination claims would arise under 28 U.S.C. § 1331, federal question jurisdiction. But § 405(h) specifically "bars claims under § 1331 when the claims also arise under" the Social Security Act. See Geschke v. Social Security Admin. 2007 WL 1140281, at *10 (W.D. Wash. 2007). Because Plaintiff's disability discrimination claims are based on the denial of Social Security benefits, this court lacks jurisdiction over these claims.

As to Plaintiff's tort claims for defamation and slander based on the ALJ's credibility findings, Congress has waived sovereign immunity over tort claims against the United States for personal injury, death, or property damage. Federal Tort Claims Act, 28 U.S.C. § 1346(b). But § 405(h) "specifically deprives [this court] of subject matter jurisdiction over claims arising under 28 U.S.C. § 1346(b) when they also arise under Title II of the Social Security Act." Geschke at *11. Because Plaintiff's tort claims are intertwined with her claim for Social Security benefits, this court lacks subject matter jurisdiction over the tort claims.

Plaintiff's claims relating to housing may arise under state law, but the housing claims are also related to the denial of Social Security benefits. This court lacks subject matter jurisdiction over Plaintiff's housing claims.

I agree with the Commissioner that this court lacks subject matter jurisdiction over Plaintiff's claims other than her claim seeking judicial review of the Commissioner's denial of Social

5 - ORDER

Security benefits. Because no amendment could cure the lack of subject matter jurisdiction, allowing Plaintiff to file an amended complaint would be futile.

## CONCLUSION

The Commissioner's motion to partially dismiss (#37) is granted. Plaintiff's claims, other than the claim for judicial review of the denial of benefits, are dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this **29** day of October, 2015.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER